IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| **EDWARD ACEVEDO,** on behalf of himself, and all other plaintiffs similarly situated, known and unknown, | **No.** 19-cv- |
| Plaintiff, | **District Judge** |
| v. | Magistrate Judge |
| **M.P.S.K., INC. D/B/A THE SYBER TECHNOLOGY GROUP,** AN ILLINOIS CORPORATION AND **MICHAEL POWELL,** INDIVIDUALLY | ***JURY DEMAND*** |
| Defendants. | |

# COMPLAINT

NOW COMES Plaintiff, **EDWARD ACEVEDO,** ("Plaintiff" or "named Plaintiff"), on behalf of himself and all other Plaintiffs similarly situated, by and through his attorneys, John W. Billhorn and Samuel D. Engelson, and for his Complaint against Defendant, **M.P.S.K., INC. D/B/A THE SYBER TECHNOLOGY GROUP** and **MICHAEL POWELL** (the "Defendants"), states as follows:

## I. NATURE OF ACTION

1. This action is brought under the Fair Labor Standards Act, 29 U.S.C. §201, *et seq*., the Illinois Minimum Wage Law, 820 ILCS §105/1 *et seq*, and the Chicago Minimum Wage Ordinance ("CMWO"), § 1-24-10 of the Municipal Code of Chicago.

## II. JURISDICTION AND VENUE

2. Jurisdiction arises under the provisions of the Fair Labor Standards Act, 29 U.S.C. §§ 206-207, and for the supplemental Illinois and municipal statutory claims, pursuant to 28 U.S.C. §1367. Venue lies in the Northern District of Illinois in that during all

times relevant to the employment relationship, Plaintiff performed work in this district and is a resident of this district and Defendants are or were engaged in business in this district.

## III. THE PARTIES

3. Defendant, **M.P.S.K., INC. D/B/A THE SYBER TECHNOLOGY GROUP,** (hereinafter referred to as "STG") is an Illinois corporation that provides IT support services to corporate clients in the private and public sectors. STG is located at 233 S. Wacker Drive, 84th Floor, Chicago, Illinois 60606. Defendant STG is an "enterprise" engaged in commerce or in the production of goods for commerce within the meaning of Section 29 U.S.C. §203(s)(1)(A)(i) and based upon information and belief formed after reasonably inquiry, satisfies the minimum annual gross sales dollar amount required by 29 U.S.C. §203(s)(1)(A)(ii). During all relevant times, Defendant was acting directly or indirectly in the interest of the employer in relation to the employee Plaintiff and therefore, as defined under both the federal and state statutes relied upon, is an "employer."

4. Defendant **MICHAEL POWELL** is the owner and President of Defendant STG. In his capacity as owner and president of STG**, POWELL** was vested with the authority to implement and carry out the wage and hour practices of STG. Plaintiff was directed to, and did, communicate all employment issues, including the wage and hour violations asserted herein, to **POWELL** and **POWELL** in turn responded to those communications with the authority described above. Thus, at all times relevant hereto **POWELL** was acting directly or indirectly in the interest of the employer in relation to the employee Plaintiff and therefore as defined under both the federal and state statutes relied upon, is an "employer".

5. Plaintiff, **EDWARD ACEVEDO,** is a former employee of Defendant who performed cable and internet support and installation services for Defendants' residential

2

and commercial customers at various job sites across Chicago and the Chicagoland area and who worked over 40 hours per week without compensation at a rate of one and one-half his regular rate of pay.

6. Defendants compensated Plaintiff, and members of the Plaintiff Class on a "piece- rate" basis but failed to pay one- and one-half times the employees' effective rate established by the piece-rate compensation. Defendants' failure to properly calculate the overtime rate and compensate Plaintiff and other members of the Plaintiff Class at the statutory overtime rate for work in excess of forty hours in a workweek is in violation of the local, state and federal laws relied upon herein.

7. Additionally, at times, when all hours actually worked are considered, Plaintiff and members of the Plaintiff Class were paid below the minimum wages required by the City of Chicago.

8. All other unnamed Plaintiffs, known and unknown ("members of the Plaintiff Class" or "similarly situated Plaintiffs"), are past or present piece-rate employees who were also not paid an overtime premium at a rate of one-and one-half their effective hourly rate of pay for hours worked in excess of 40 in a workweek as described herein.

9. As an employee(s) performing duties for an enterprise engaged in commerce, the named Plaintiff and all members of the Plaintiff Class were also engaged in commerce as defined by the FLSA.

IV. <u>STATUTORY VIOLATIONS</u>

**Collective Action Under The Fair Labor Standards Act**

10. Pursuant to the Fair Labor Standards Act, 29 U.S.C. §216(b), Count I of this action is brought by Plaintiff as an opt-in representative or collective action, on behalf of

themselves and other Plaintiffs similarly situated who have been damaged by Defendant's failure to comply with 29 U.S.C. §201 *et seq.* Count II alleges a willful violation of the FLSA and seeks an additional third year of limitations. Count III seeks liquidated damages under the Fair Labor Standards Act, Section 260.

**Illinois Minimum Wage Law**

11.     Pursuant to the Illinois Minimum Wage Law, 820 ILCS §105/1 *et seq.*, Count IV of this action is brought by Plaintiff to recover unpaid back wages earned on or before the date three (3) years prior to the filing of this action. Each and every Plaintiff who joins this case in the future shall specifically adopt and assert the claims made under this Count IV. The claims asserted by Plaintiff herein under the IMWL are proper for certification under Federal Rule of Civil Procedure 23.

**Chicago Minimum Wage Ordinance**

12.     Pursuant to the Chicago Minimum Wage Ordinance ("CMWO"), § 1-24-10 *et seq.*, of the Municipal Code of Chicago, Counts V and VI of this action are brought by Plaintiff to recover unpaid back wages, including overtime and minimum wages, respectively, earned on or before the date three (3) years prior to the filing of this action. Each and every Plaintiff who joins this case in the future shall specifically adopt and assert the claims made under this Counts V and VI. The claims asserted by Plaintiff herein under the CMWO are proper for certification under Federal Rule of Civil Procedure 23.

V.     <u>**FACTUAL ALLEGATIONS RELEVANT TO ALL COUNTS**</u>

13.     Plaintiff, at all times pertinent to the cause of action, was employed by Defendants, said employment being integral and indispensable to Defendants' business.

14.     Defendants provide cable and internet installation and maintenance services for Comcast through a series of sub-contacting arrangements with Comcast and American Cable & Telephone, LLC.

15. Plaintiff, and members of the Plaintiff Class, on a regular basis worked in excess of forty (40) hours in a workweek without pay at a rate of time and one-half their effective hourly rate for such hours pursuant to the requirements of the federal, state and local statutes herein relied upon, as the Defendants failed calculate and pay an applicable overtime rate based on the weekly piece-rate pay and hours worked by Plaintiff and the Plaintiff Class.

16. Plaintiff was employed as a cable installer technician from approximately October 2017 to September 2019. As a cable technician, Plaintiff would provide cable and internet installation and maintenance services for Comcast/Xfinity customers. Plaintiff would wear clothing displaying the Comcast/Xfinity name and logo. Plaintiff primarily provided these services for residential customers.

17. Plaintiff received his work assignments through a Comcast phone application ("app") which technicians, including Plaintiff, were required to use. The app would provide the location, scheduled time and other details of daily work assignments and appointments.

18. Plaintiff was assigned a regular schedule of 8:00 a.m. to 5:00 p.m., five days per week Tuesday through Saturday. Plaintiff occasionally worked six days per week. Although Defendants assigned a shift of 8:00 a.m. to 5:00 p.m., Plaintiff almost always worked in excess of those hours based on the number of work sites he was assigned to each day and the complexity of each work assignment.

19. Plaintiff began work each day by "logging on" to the Comcast app at 6:45 or 7:00 a.m. to receive the location and details for his first appointment of the day to allow sufficient time to drive directly to his first job site and perform other functions relative to organizing and arranging his work day. Often, the service requests assigned to Plaintiff

required additional, unexpected work (i.e. additional repairs, additional equipment set-up, etc.) that required him to work well past his shift – often until 7:00 or 7:30 p.m. After servicing his final appointment of the day, Plaintiff would "log out" of the app. Plaintiff typically worked 45 hours per week and oftentimes worked at least 50 hours per week. Defendants did not implement a time-keeping system for compensation purposes to track the specific work time of Plaintiff or the Plaintiff Class. Because Defendants failed to track the working time of Plaintiff and the Plaintiff class, as mentioned above, Defendants placed a default "40" placeholder in the "Hours" column of employee paystubs.

20. Plaintiff was paid by piece-rate. Plaintiff received a specific amount of money at varying rates depending on the equipment he serviced, installed, sold, etc. At the end of each week, Defendants would total the rates assigned to each product Plaintiff serviced at each appointment in a particular week to determine his weekly pay. Defendants did not pay to Plaintiff any compensation for hours worked in excess of 40 in a work week. Defendants, in violation of 29 C.F.R. §778.111, did not pay to Plaintiff and the Plaintiff Class the required additional half-time of their "regular" or "effective" hourly rate for each work week.

21. Plaintiff, over the course of his entire employment with Defendants, never received any compensation for hours worked in excess of 40 in individual work weeks.

22. Additionally, Plaintiff at times was paid below the minimum wage for non-tipped hourly employees required by the City of Chicago.

23. The total number of hours worked by Plaintiff and members of the Plaintiff Class, and therefore the total number of overtime hours for which additional compensation is owed, is information substantially, if not completely, within the control and possession of

6

Defendants, in that Defendants recorded or should have recorded such hours pursuant to the record keeping requirements found Title 29 CFR, Part 516. To the extent Defendants lack the records required by 29 CFR Part 516, Plaintiff and the Plaintiff class will be capable of providing reasonable estimates of that time, as permitted by law.

24. The claims brought herein by the named Plaintiff are based on non-compliant practices and policies implemented by the Defendants and are identical or similar to the claims of other past and present employees who were subject to the same non-compliant policies and practices alleged herein. Those past and present employees are entitled to receive Notice of these proceedings and afforded opportunity to join their individual claims.

## COUNT I

## VIOLATION OF FAIR LABOR STANDARDS ACT

1-24. Paragraphs 1 through 24 are re-alleged and incorporated as though set forth fully herein as paragraphs 1 through 24 of this Count I.

25. Pursuant to the Fair Labor Standards Act, 29 U.S.C. §201 *et seq.*, the named Plaintiff, and all other Plaintiffs similarly situated, known and unknown, are entitled to compensation for all hours worked and compensation at a rate not less than one and one-half times their regular/effective rates of pay for all hours worked in excess of forty (40) in any week during the two (2) years preceding the filing of this action.

26. Defendants have at all times relevant hereto failed and refused to pay compensation to its employees, including the named Plaintiff herein and all other Plaintiffs similarly situated, known and unknown as described above.

WHEREFORE, Plaintiff, on behalf of himself and all other Plaintiffs similarly situated, known and unknown, respectfully request this Court to enter an order awarding:

  (a) back pay equal to the amount of all unpaid overtime compensation for the two (2) years preceding the filing of this Complaint, according to the applicable statute of limitations;

  (b) prejudgment interest with respect to the total amount of unpaid overtime compensation;

  (c) Plaintiff's reasonable attorneys' fees and costs incurred as a result of Defendant's violations of the Fair Labor Standards Act; and,

  (d) such additional relief as the Court deems appropriate under the circumstances.

## COUNT II

## WILLFUL VIOLATION OF THE FAIR LABOR STANDARDS ACT

  1-26. Paragraphs 1 through 26 of Count I are realleged and incorporated as though set forth fully herein as Paragraphs 1 through 26 of Count II.

  27. Defendants' actions as complained above were done with Defendants' knowledge that the compensation policies and practices at issue were in violation of the statutes alleged, or with a reckless disregard for whether the policies and practices were in violation of those statutes. Through legal counsel as well as industry experience and custom, Defendants possessed ample access to the regulations and statutory provisions relating to the municipal, state and federal laws recited herein, but either failed to seek out such information and guidance or did seek out the information and guidance but failed to adhere to the principles of compliance as stated.

  28. Pursuant to the Fair Labor Standards Act, Plaintiff and all other employees similarly situated, past or present, are entitled to compensation at a rate not less than one and one-half times their regular rates of pay for all hours worked in excess of forty (40), in the three (3) years preceding the filing of this complaint.

WHEREFORE, Plaintiff, on behalf of himself and all other Plaintiffs similarly situated, known and unknown, respectfully request this Court to enter an order awarding:

(a) back pay equal to the amount of all unpaid compensation for one (1) additional year, totaling three (3) years preceding the filing of this Complaint;

(b) prejudgment interest with respect to the amount of unpaid overtime compensation;

(c) Plaintiff's reasonable attorneys' fees and Court costs incurred as a result of Defendant's violation of the Fair Labor Standards Act; and

(d) such additional relief the Court deems appropriate under the circumstances.

## COUNT III

## LIQUIDATED DAMAGES
## UNDER THE FAIR LABOR STANDARDS ACT

1-28. Paragraphs 1 through 28 of Count II are re-alleged and incorporated as though set forth fully herein as Paragraphs 1 through 28 of Count III.

29. In denying Plaintiff and members of the Plaintiff Class compensation as described above, Defendants' acts were not based upon good faith or reasonable grounds. Through legal counsel as well as industry experience and custom, Defendants possessed ample access to the regulations and statutory provisions relating to the municipal, state and federal laws recited herein, but either failed to seek out such information and guidance or did seek out the information and guidance but failed to adhere to the principles of compliance as stated.

30. The named Plaintiff and all other past and present employees similarly situated, known and unknown, are entitled to liquidated damages equal to the amount of all unpaid compensation, pursuant to 29 U.S.C. §260.

WHEREFORE, Plaintiff, on behalf of himself and all other Plaintiffs similarly situated, known and unknown, respectfully request this Court to enter an order awarding:

(a)     liquidated damages equal to the amount of all unpaid compensation;

(b)     Plaintiff's reasonable attorneys' fees and costs incurred as a result of Defendant's violation of the Fair Labor Standards Act; and

(c)     such additional relief the Court deems appropriate under the circumstances.

## COUNT IV

### SUPPLEMENTAL STATE LAW CLAIM
### VIOLATION OF THE ILLINOIS MINIMUM WAGE LAW

1-30.   Paragraphs 1 through 30 of Count III are re-alleged and incorporated as though set forth fully herein as Paragraphs 1 through 30 of this Count IV.

31.     As described in the foregoing paragraphs, Defendants' compensation policies and practices are in violation of the Illinois Minimum Wage Law, 820 ILCS §115/1 *et seq.*

31.     The Illinois Minimum Wage Law provides that an employer who fails to pay the required amount of wages due an employee under the law shall be liable to the underpaid employee or employees for the unpaid wages and for an additional penalty in the amount of 2% of the amount of such underpayments for each month following the date such underpayments remain unpaid.

32.     Defendants' failure to pay compensation as described above has been willful and/or in bad faith.

WHEREFORE, Plaintiff, on behalf of himself and all other Plaintiffs similarly situated, known and unknown, respectfully request this Court to enter an order:

(a)     declaring and decreeing Defendants' compensation practices as described herein, and such other violations which may come to light during the prosecution of this matter, in violation of the provisions of the Illinois Minimum Wage Law;

(b) awarding an amount of damages, to be shown by the evidence, to which Plaintiff and other members of the Plaintiff Class are entitled;

(c) allowing this Court to retain jurisdiction of the case until such time it is assured Defendants have remedied the compensation policies and practices complained of herein and are determined to be in full compliance with the law;

(d) directing Defendants to pay to Plaintiff's reasonable attorneys' fees, costs, and litigation expenses, as provided by statute;

(e) for such additional relief the Court deems just and appropriate under the circumstances.

## COUNT V

### SUPPLEMENTAL MUNICIPAL CLAIM
### VIOLATION OF THE CHICAGO MINIMUM WAGE ORDINANCE

1-32. Paragraphs 1 through 32 of Count IV are re-alleged and incorporated as though set forth fully herein as Paragraphs 1 through 32 of this Count V.

33. Plaintiff was an "employee" under the CMWO§ 1-24-10 of the Municipal Code of Chicago and was not exempt from the overtime wage provisions of the CMWO § 1-24-050.

34. Defendants were each an "employer" as defined in the CMWO§ 1-24-10.

35. Under § 1-24-040, for all weeks during which Plaintiff worked more than forty (40) hours, he was entitled to be compensated at a rate of one and one-half times his regular hourly rates of pay.

36. Defendants' failure and refusal to pay any wages for hours worked in excess of 40 per week was a violation of the maximum hour provisions of the § 1-24-040.

WHEREFORE, Plaintiff, respectfully requests this Court to enter an order awarding:

(a) Judgment in the amount of unpaid overtime compensation found due at the rate of one and one-half times Plaintiff's regular hourly rate of pay for all hours which Plaintiff worked in excess of forty (40) hours per week;

(b) Statutory interest damages in the amount of three times the amount of unpaid overtime;

(c) Reasonable attorneys' fees and costs incurred in filing and prosecuting this action; and

(d) for such additional relief the Court deems just and appropriate under the circumstances.

## COUNT VI

### SUPPLEMENTAL MUNICIPAL CLAIM
### VIOLATION OF THE CHICAGO MINIMUM WAGE ORDINANCE

37. Paragraphs 1 through 36 of Count IV are re-alleged and incorporated as though set forth fully herein as Paragraphs 1 through 36 of this Count V.

38. Plaintiff, and members of the Plaintiff Class, were each an "employee" under the CMWO, § 1-24-10 of the Municipal Code of Chicago, and were not exempt from the minimum wage provisions of the CMWO, § 1-24-050.

39. Defendants were each an "employer" as defined in the CMWO, § 1-24-10.

40. Under § 1-24-020(a), Plaintiff, and members of the Plaintiff Class, were entitled to be compensated according to the minimum wage requirements of CMWO.

41. During the relevant time period, the requisite hourly rates under the CMWO, with each rate increase effective July 1 of each year, were as follows: $10.50 for 2016, $11.00 for 2017, $12.00 for 2018 and $13.00 for 2019.

42. Defendants' failure and refusal to pay minimum wages for hours worked was a violation of the minimum wage provisions of § 1-24-010.

WHEREFORE, Plaintiff, on behalf of themselves and all other Plaintiffs similarly situated, known and unknown, respectfully requests this Court to enter an order:

(a) Judgment in the amount of unpaid minimum wages found due;

(b) Statutory damages in the amount of three times the amount of unpaid minimum wages found due;

(c) Reasonable attorneys' fees and costs incurred in filing and prosecuting this action; and

(d) Such other and further relief as this Court deems appropriate and just.

Respectfully submitted,

*Electronically Filed 11/6/2019*

*s/John W. Billhorn*

_____
John William Billhorn
Attorney for Plaintiff

BILLHORN LAW FIRM
53 West Jackson Blvd., Suite 401
Chicago, IL 60604
(312) 853-1450